JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BERNARD TARUC,

                    Plaintiff,

            v.

IRENE KWAI HONG ANG D/B/A NEW
UNITED AUTO SERVICES & REPAIR
CENTER; CHIEN CHUNG LU; and DOES 1
to 10,

                    Defendants.

Case No. 2:25-cv-03064-HDV (MBKx)

**ORDER GRANTING PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT [19]**

1

## I.      INTRODUCTION

Before the Court is Plaintiff Bernard Taruc's Motion for Default Judgment by Court ("Motion"). [Dkt. 19]. Defendant has not appeared in the matter and no opposition has been filed. For the following reasons, the Motion is granted.

## II.     BACKGROUND

This is a public accommodation action. Plaintiff initially brought claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civil Code § 51, California's Disabled Persons Act, Cal. Civil Code § 54 *et seq.*, the California Health and Safety Code § 19955 *et seq.*, and California negligence, Complaint [Dkt. 1], but this Court declined supplemental jurisdiction over the California law claims, [Dkt. 12], so only the ADA claim remains.

Plaintiff is a California resident with physical disabilities. Complaint ¶ 1. Plaintiff suffers from paraplegia and is substantially limited in his ability to walk. *Id.* Plaintiff requires the use of a wheelchair for mobility at all times when traveling in public. *Id.* Defendant Irene Kwai Hong Ang d/b/a New United Auto Services & Repair Center owns and operates the business for a car repair service located at 1868 S. San Gabriel Bl., San Gabriel, California ("Business"). *Id.* ¶ 2.

Plaintiff went to the Business in January 2025. *Id.* ¶ 10. Plaintiff alleges he could not use and enjoy the goods, services, privileges, and accommodations offered at the Business because Defendant failed to provide wheelchair accessible parking in compliance with the ADA standards. *Id.* ¶ 12–13. Plaintiff personally encountered this problem. *Id.* According to the Complaint, this inaccessible condition denied Plaintiff full and equal access, and caused Plaintiff difficulty and frustration. *Id.* ¶ 14. Plaintiff avers that he would like to return to the Business but is dissuaded from doing so because of Plaintiff's knowledge of the existing barriers. *Id.*

Plaintiff filed this action on April 8, 2025. Complaint. The Proof of Service for Defendant was filed on May 12, 2025. [Dkt. 13]. Defendant's Default was taken on June 6, 2025. [Dkt. 15]. Plaintiff subsequently filed the instant Motion. Plaintiff seeks injunctive relief requiring Defendant to remedy the barriers to access the Business and attorneys' fees and costs under the ADA. Motion at 2; Memorandum [Dkt. 19-1] at 9.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant a default judgment after the Clerk enters default under Rule 55(a).  A plaintiff seeking default judgment must satisfy the procedural requirements set forth in Rules 54(c) and 55, as well as Local Rules 55-1 and 55-2.  Fed. R. Civ. P. 54(c), 55; C.D. Cal. R. 55-1, 55-2.

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party and are taken as true.  Fed. R. Civ. P. 8(b)(6); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (citation omitted).  Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, a court must consider several factors (the "*Eitel* factors"):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Procedural Requirements

The procedural requirements are met here.  Plaintiff has served the Complaint on the defaulting party.  [Dkt. 13].  Plaintiff's counsel filed a declaration attesting to the elements of Local Rule 55-1.  *See* Declaration of Jason J. Kim ("Kim Decl.") [Dkt. 19-2].  In particular, the Declaration states that Defendant is not a minor, infant, or otherwise an incompetent person, and that the Service members Civil Relief Act does not apply.  *Id.* ¶ 3.  The relief sought in the instant Motion is demanded in the pleadings.  *See* Fed. R. Civ. P. 54(c); Complaint at 12.

### B.   *Eitel* Factors

Plaintiff has also shown that the *Eitel* factors weigh in favor of entering a default judgment against Defendant.

Regarding the first *Eitel* factor, Plaintiff will be prejudiced without a default judgment, since

3

no other enforceable form of relief against Defendant exists at this stage of the proceedings. *See PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The second and third Eitel factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo*, 238 F. Supp. 2d at 1175. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 670 (9th Cir. 2010). In the context of existing facilities, discrimination includes "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv); *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

The Complaint alleges that Plaintiff is a person with a disability who relies on a wheelchair for mobility in public spaces. Complaint ¶ 1; Declaration of Bernard Taruc ("Taruc Decl.") [Dkt. 19-3] ¶ 2. Defendant's Business is open to the public and is a place of public accommodation that affects commerce through its operation. Complaint ¶ 11. The Business presented physical barriers to Plaintiff via a lack of accessible parking space. *Id.* ¶ 13; Taruc Decl. ¶ 4.

Here, taking Plaintiff's allegations as true, they are sufficient to support his ADA cause of action. Plaintiff is a physically disabled person under the ADA. *See* 42 U.S.C. § 12102(1)(A), (2)(A). Defendant's Business qualifies as a place of public accommodation under the ADA. *See id.* § 12181(7)(B). The Business presented physical barriers. *See* Complaint ¶¶ 13; 21–28. Plaintiff alleges that Defendant fails to: provide a parking space designated for persons with disabilities; provide the parking space identification signs, including the International Symbol of Accessibility, the "Minimum Fine $250" sign, the "Van Accessible" sign, and the "Unauthorized parking" tow-away warning sign; provide a proper van accessible space; and paint the ground. *Id.* ¶¶ 13, 24, 26,

4

28.

The Court must consider whether these are "readily achievable" steps, and concludes that they are. The alteration required is limited to the installation of the previously mentioned signs and some paint work to stripe the parking surface, include the International Symbol of Accessibility on the surface, and paint "NO PARKING" markings and blue hatched lines on the access aisle.

As to the fourth *Eitel* factor, Plaintiff seeks a judgment in the amount of $2,705.00 in attorneys' fees, and $670.00 in litigation costs. Motion at 2; Kim Decl., Ex. A ("Billing Statement"). Given that Plaintiff is pursuing only fees and costs, and the total sum requested is relatively modest, the Court views the sum of money requested by Plaintiff as reasonable.

Regarding the fifth *Eitel* factor, there is no factual dispute because Plaintiff's well-pleaded factual allegations are presumed to be true after Defendant's default.

As to the sixth *Eitel* factor, the procedural history of this case weighs against a finding of excusable neglect, given that Defendant has chosen not to appear despite having been adequately served by Plaintiff. [Dkts. 13, 15].

Finally, with respect to the seventh *Eitel* factor, Defendant's failure to appear in this case renders a decision on the merits impractical.

For these reasons, the Court finds that the entry of default judgment against Defendant for violation of the ADA is appropriate.

### C.    Remedies

Plaintiff seeks injunctive relief and attorneys' fees and costs.

#### 1.    Injunctive relief

"In the case of violations [of the accessibility provisions] of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities[.]" 42 U.S.C. § 12188(a)(2).

As discussed above, Plaintiff has stated a claim for disability discrimination under the ADA. The alterations required to bring the parking lot into compliance are limited and readily achievable given that Defendant owns and operates the Business and therefore has control and authority over the space. Accordingly, the Court grants injunctive relief compelling Defendant to remove the

unlawful barriers so that the Business is accessible to and usable by individuals with disabilities.

### 2.    Attorneys' fees and costs

The ADA provides that a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 12205.  Plaintiff seeks $2,705.00 in attorney's fees and $670.00 in costs. Billing Statement.  In civil rights cases under the ADA, when, as here, a plaintiff requests that the attorney's fee be fixed by the court in an amount greater than that provided under the Local Rule 55's default fee schedule, it is inappropriate to use the default fee schedule, and the fee must instead be calculated using the "lodestar" method.  *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152 (9th Cir. 2018); *see* Memorandum at 11–12.  The fee setting inquiry thus begins with the number of hours reasonably expended multiplied by the reasonable hourly rate.  *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  Courts should exclude hours that are not reasonably expended.  *Hensley*, 461 U.S. at 434.  A court may consider a number of pertinent factors in determining the reasonableness of an attorneys' fees award.[1]

The billing records for Plaintiff are submitted by Plaintiff's attorney, Jason J. Kim.  Kim seeks an hourly rate of $500 for 4 hours of his time and an hourly rate of $150 for 4.7 hours of paralegal time, for a total fee request of $2,705.00.  Billing Statement.  Based on Mr. Kim's experience handling ADA cases, and the Court's knowledge of billing rates in the Los Angeles area, the Court finds that a billing *rate* of $500 per hour is reasonable.  However, the Court also finds that the *time* declared by Plaintiff is unreasonable in light of the boilerplate nature of Plaintiff's filings in this and other cases in this Court.  *See, e.g.*, *Harris v. SPN Real Estate Holdings*, No. 2:24-cv-6810-HDV-AGR (C.D. Cal March 25, 2025).  The Court concludes that a 50% reduction of the requested attorneys' fees is appropriate, and awards Plaintiff $1,352.50 in attorneys' fees.

---

[1] Those factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney as a result of accepting the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Quesada v. Thomason*, 850 F.2d 537, 539 n.1 (9th Cir. 1988).

As the prevailing party, Plaintiff is also entitled to costs as set forth in 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1), and Local Rule 54.  The Court accepts the representations made in counsel's declaration and awards $670.00 in costs.

**V.     CONCLUSION**

For the reasons discussed above, the Court grants in part Plaintiff's Motion for Default Judgment.  The Court grants injunctive relief as described above, $1,352.50 in attorneys' fees, and $670 in costs in favor of Plaintiff.

Dated: September 3, 2025

Hernán D. Vera
United States District Judge

7